UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**Richard Buroker individually and on behalf of all others similarly situated,**

                   **Plaintiff,**

v.

**ARS National Services, Inc.**

                   **Defendant.**

No. 18 CV 4250

**CLASS ACTION**

**Jury Demanded**

---

### Class Action Complaint for
### <u>Violations of the Fair Debt Collection Practices Act</u>

1. Plaintiff Richard Buroker ("Plaintiff" or "Buroker") files this Complaint seeking redress for the illegal practices of Defendant, ARS National Services, Inc. ("Defendant" or "ARS"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Among other violations, ARS has violated the Plaintiff's and the putative class members' rights under the FDCPA by misrepresenting the amount and status of the alleged debt, and by failing to provide them with the notices to which they are entitled by statute; thereby depriving them of their full ability to resolve their alleged debts.

### Parties

3. Plaintiff is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for an extension of credit for Plaintiff's personal use.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. ARS alleges that Plaintiff owes a debt to "Webster Bank, N.A." for an extension of credit.

13. In an attempt to collect the alleged debt, on or about November 30, 2017 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

14. In Exhibit A, Defendant alleges that the debt was originally owned by "WebBank." It is unclear whether "Webster Bank, N.A." and "WebBank" are the same entity. This is not explained by Defendant in Exhibit A, which makes the current owner of the account unclear.

15. Exhibit A states that the Plaintiff owes a "Total Loan Balance" of $13,210.50.

16. Exhibit A states that the Plaintiff has a "Past Due Amount" of $926.05.

17. Exhibit A fails to effectively and clearly notify the Plaintiff as to the

2

amount of the alleged debt.

18. Exhibit A does not give the Plaintiff the information necessary for the Plaintiff to pay the alleged debt in full.

19. Exhibit A states that interest "may" be accruing on the alleged debt, but does not provide the least sophisticated consumer any way to determine whether it actually is accruing. Exhibit A does not provide the least sophisticated consumer the entire "safe harbor" language provided by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). This deprives the least sophisticated consumer the ability to determine how much is owed on the alleged debt, thereby depriving them of their right to this information.

20. Exhibit A also indicates that "$0.00" has accrued on the debt since charge off, indicating to the least sophisticated consumer that interest is not being charged on the account. This further confuses the least sophisticated consumer as to whether interest is in fact being charged.

21. Exhibit A is false and misleading in that it can be understood in two different ways, one of which is false.

22. Exhibit A  is also fails to effectively convey the name of the current Creditor in violation of 15 USC 1692g.

23. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff of the amount of the debt, and how much is needed to pay off the debt. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

24. Exhibit A violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

3

25. <u>Exhibit A</u> is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1), in that it fails to inform the Plaintiff that interest may continue to accrue on the account and how much. Nor does it provide the entire safe harbor language provided by the Second Circuit in *Avila*. Exhibit A is misleading in that it does not inform the consumer that interest may at some point in the future accrue interest, thereby depriving the Plaintiff of their ability to determine how much needs to be paid to satisfy the alleged debt.

26. Additionally, the initial letter Defendant sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed as specifically required by the FDCPA.

27. The letter also makes it unclear as to whether the debt has been charged off. This makes the letter subject to two possible interpretations, one of which is false. It is unclear if the letter is charged off or not charged off. The letter states that the "Total Amount Due as of Charge-Off" is "$0.00." It is unclear to the least sophisticated consumer what this means. This language violates 15 USC 1692e, 15 USC 1692e(2); 15 USC 1692e(5); and 15 USC 1692e(10).

### *Class Action Allegations*

28. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

    d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

29. A class action is superior for the fair and efficient adjudication of the class members' claims.

30. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

31. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

32. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A</u>

5

attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

35. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

36. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### Class Allegations Related to Exhibit A and/or the Initial Letter

37. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

38. By sending Exhibit A, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10) and 15 USC 1692f, in that the Defendant did not properly indicate to the Plaintiff whether that the alleged debt was continuing to accrue interest.

39. By sending Exhibit A, the Defendant violated 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), and 15 USC 1692e(10) in that the letter makes it unclear as to whether the alleged debt was in fact charge off.

40. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

41. As a result of Defendant's deceptive, insidious, and unfair debt collection

6

practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip , New York
July 26, 2018

                              RESPECTFULLY SUBMITTED,

                              S/ JOSEPH MAURO
                              Joseph Mauro
                              The Law Offices of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795
                              Tel: (631) 669-0921

# EXHIBIT A

Department #1046
P.O. Box 1259
Oaks, PA 19456



ARS National Services Inc.
PO Box 469046
Escondido, CA 92046-9046
(866) 879-1393 FAX: (866) 422-0765
Live Chat and Online Payments:
www.PayARS.com

November 30, 2017

RICHARD BUROKER SR
7 LATTICE CT
RIDGE NY 11961-1901

**ACCOUNT IDENTIFICATION**

Serviced By: LendingClub Corporation
Current Creditor: Webster Bank, N.A.
Original Creditor: WebBank
Account No.: *****8538
ARS Reference No.: 35804723
Total Loan Balance: $13,210.50
Past Due Amount: $926.05

### Welcome to ARS!

Dear Sir/Madam:

ARS is a national organization experienced in helping customers resolve their past due balances. LendingClub Corporation has placed your account referenced above with ARS in order to assist you in bringing the account current. Please be advised that your total loan balance and past due amount stated above are subject to change, including possible increases due to interest and other charges according to the terms of your original loan agreement. Once your account is current, ARS will help you work with LendingClub Corporation in order to have your account returned to them for servicing.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To review a range of payment options 24 hours a day, please visit our website at www.PayARS.com. To access your account, you'll be asked to provide your ARS Reference Number (35804723).

ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 35804723), and Moneygram "Express Payment" (Receive Code: 3935). Payments can be mailed to the ARS Escondido, CA address above.

We are committed to helping you bring your account current. Please call us at (866) 879-1393 with any questions or to discuss all your payment options. Our office hours are Monday through Friday, 8:30 a.m. - 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time). We look forward to hearing from you.

Sincerely,
TANYA ARGUELLO x1109
Account Representative

### Account History

| | |
|---|---|
| Total Amount Due as of Charge-Off: | $0.00 |
| Total Amount of Interest accrued since Charge-Off: | $0.00 |
| Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: | $0.00 |
| Total Amount of Payments Since Charge-Off: | $0.00 |

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(SEE REVERSE SIDE FOR IMPORTANT INFORMATION)

1 of 1

109968-VAL-272

We are required under certain Federal, State and Local laws to notify consumers of certain rights. This list does not contain a complete list of the rights for consumers under Federal, State, or Local laws.

New York City Department of Consumer Affairs License numbers 2000745, 2000744, and 2000742.

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 USC §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

i) The use or threat of violence;
ii) The use of obscene or profane language; and
iii) Repeated phone calls made with the intent to annoy, abuse, or harass.

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."